SENTENCIA
En el presente recurso atendemos la solicitud que nos hacen los peticionarios Saint James Security Services, Inc. (Saint James), National Investigation and Protection Group, Inc. (National) y la interventora Puerto Rican Cement Company, Inc. (PRC), para que revoquemos la sentencia dictada por el Tribunal de Apelaciones que había confirmado al Tribunal de Primera Instancia. En sus res *912 pectivas sentencias, los foros inferiores validaron un subpoena duces tecum et ad testificandum emitido por la Oficina de Asuntos Monopolísticos del Departamento de Justicia (OAM), y dirigido a los recurrentes como parte de una investigación antimonopolística centrada en PRC.
I
Como resultado de varias querellas presentadas ante la OAM con relación a posibles prácticas monopolísticas en la industria del cemento, dicha oficina comenzó a investigar a la PRC. Estas querellas le imputan a la PRC haber intentado monopolizar la industria del cemento y haber efectuado actos para restringir ilegalmente y de manera horizontal el comercio en la industria del cemento al intentar dividir el mercado geográficamente y mediante carteles, hacer acuerdos de no competencia, fijar precios y llevar a cabo otras conductas anticompetitivas de índole no económica. Las imputaciones que se le hacen a la PRC implican posibles infracciones a los Artículos 2 y 4 de la Ley Núm. 77 de 25 de junio de 1964 (10 L.P.R.A. sees. 258 y 260), conocida como Ley de Monopolios y Restricción del Comercio, 10 L.P.R.A. sees. 257-274.
El 18 de noviembre de 1997 la OAM cursó un subpoena duces tecum et ad testificandum a Saint James, empresa que se dedica a brindar servicios de seguridad. Dicho requerimiento fue reiterado el 8 de enero de 1998. El 3 de febrero de 1998 la OAM emitió un tercer subpoena, esta vez más amplio que los primeros.(1)
*913 El 2 de marzo de 1998 la OAM envió a la otra recurrente, National, un subpoena similar. Ante la renuencia de los recurrentes, el 18 de junio de 1998 la OAM acudió al Tribunal de Primera Instancia y presentó un recurso de mandamus para que el tribunal les ordenara a cumplir con el subpoena. La OAM argumentó que emitió los referidos subpoenas por entender que los recurrentes “tienen conocimiento y poseen información, evidencia y documentos como agencias de seguridad y oficiales autorizados de dichas agencias, que son necesarios en la investigación en curso de la [OAM] sobre alegadas violaciones y prácticas injustas en la industria del cemento”.(2) Estas razones no fueron expresadas en los subpoenas. La PRC solicitó intervenir en el pleito, a lo cual el foro de primera instancia accedió.
Luego de escuchar los argumentos de las partes, el Tribunal de Primera Instancia le ordenó a la OAM que particularizara y aclarara cuál era la información que solicitaba a los recurrentes. La OAM optó por emitir un segundo subpoena duces tecum et ad testificandum el 5 de octubre de 1998, ante el cual los recurrentes insistieron en no comparecer.
La citación solicitó los documentos siguientes:
1. Contratos vigentes en los pasados (4) años entre Saint *914 James y la Puerto Rican Cement Company (PRCC) o representantes autorizados de ésta.
2. Indique si Saint James tiene o ha tenido, subsidiarias, corporaciones, compañías, negocios, entidades comerciales u otras personas naturales o jurídicas en las que tiene o tuvo interés propietario o de acciones de capital y que operan bajo otro nombre y que provean o hayan brindado servicios de vigilancia, seguridad, detectivescos o policíacos a la PRCC en el período comprendido de enero de 1994 al presente.
3. Nombre, dirección y teléfono de empleados, detectives, personas y supervisores [,] que sean o hayan sido empleados de Saint James[,]y que fueron asignados al cumplimiento de los contratos que se mencionan en el inciso (1) de los documentos requeridos.
4. Mencione cualquier instrucción u orden de manera escrita u oral dada a Saint James, sus empleados, detectives, personas o supervisores [,] que sean o hayan sido empleados de Saint James [,] en relación al cumplimiento de los contratos que se mencionan en el inciso (1) de los documentos requeridos.
5. Fotos y/o videos tomados por empleados o detectives[,]que sean o hayan sido empleados de Saint James [,] en el cumplimiento de los contratos que se mencionan en el inciso (1) de este Subpoena y de los cuales haya sido sujeto:
(a) Cualquier competidor de la PRCC en el negocio del cemento, hormigón o materia prima del cemento.
(b) Cualquier empresa, corporación, negocio o persona natural o jurídica por razón de sus relaciones comerciales con un competidor de la PRCC en el negocio del cemento, hormigón o materia prima del cemento.
6. Memos e informes rendidos por empleados o detectives [,] que sean o hayan sido empleados de Saint James [,] en el cumplimiento de los contratos que se mencionan en el inciso (1) de este Subpoena y de los cuales haya sido sujeto:
(a) Cualquier competidor de la PRCC en el negocio del cemento, hormigón o materia prima del cemento.
(b) Cualquier empresa, corporación, negocio o persona natural o jurídica por razón de sus relaciones comerciales con un competidor de la PRCC en el negocio del cemento, hormigón o materia prima del cemento. (Enfasis suprimido.) Apéndice de la Petición de certiorari, pág. 156.
Los recurrentes alegaron que el subpoena atenta contra la protección que establece nuestro régimen constitucional en la Sección 10 del Artículo II del texto de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, por no informar los hechos concretos que dan base a la solicitud de información. Argumentaron que sin dicha in *915 formación no se puede evaluar la razonabilidad del subpoena duces tecum. Además, adujeron los recurrentes que la Ley de Detectives Privados en Puerto Rico (Ley de Detectives Privados), Ley Núm. 108 de 29 de junio de 1965, en su Artículo 18 (25 L.P.R.A. sec. 285q), establece una prohibición de divulgar información que les impide cumplir con el subpoena duces tecum de la OAM.(3)
Por su parte, la OAM argumentó que no está obligada a informar y divulgar a los demandados los hechos concretos que dan base a su solicitud de información por encontrarse la pesquisa en la etapa investigativa. Señaló que su interés al emitir los subpoenas es indagar si se ha violado la ley, y que no es hasta que se impute delito que surge la obligación de informar los hechos constitutivos de la violación, pues en ese momento es que los recurrentes pueden invocar las garantías constitucionales. Además, señaló la OAM que la Ley de Detectives Privados establece una excepción a la prohibición de no divulgar que aplica en el caso de autos. Por último, expresó que bajo el poder de investigación conferido por la Asamblea Legislativa en la Ley Núm. 77 de 25 de junio de 1964 (10 L.P.R.A. sec. 272), particularmente en su Artículo 15, el subpoena duces tecum no adolece de vicio constitucional.
El Tribunal de Primera Instancia decidió que la información requerida en los incisos (1), (2), (3) y (5) del subpoena impugnado era pertinente para determinar si la PRC había incurrido en violaciones a la Ley de Monopolios y Restricción del Comercio. No obstante, ordenó que se eliminara el inciso (4), porque esa información está protegida por el Artículo 18 de la Ley de Detectives Privados, supra. En cuanto a los incisos restantes, resolvió que este Artículo *916 18 no era un obstáculo para la producción de los documentos solicitados, pues dicho artículo establece que ante una investigación gubernamental, se puede divulgar la información protegida por el estatuto.
Los recurrentes acudieron en apelación al Tribunal de Apelaciones. Allí no objetaron la decisión del Tribunal de Primera Instancia en cuanto a la aplicación de la excepción de la Ley de Detectives Privados. Su reclamo consistió en que la falta de expresión de los hechos concretos en que se basa la investigación no permite determinar la pertinencia de la información requerida o la legitimidad del requerimiento de información. El foro apelativo confirmó la decisión del Tribunal de Primera Instancia y concluyó que, de acuerdo con el argumento de los recurrentes, un requerimiento de información formulado a través de una citación estaría obligado a cumplir con el requisito de causa probable que sólo aplica a los casos en que sea necesario una orden judicial de registro y allanamiento. El Tribunal de Apelaciones recalcó en su sentencia que la intervención con un ciudadano producida por un subpoena recibe una protección menor que la requerida para los registros o allanamientos. Por esas razones, dicho foro confirmó la sentencia del Tribunal de Primera Instancia.
Los recurrentes comparecieron ante este Tribunal mediante un recurso de certiorari y reiteraron los argumentos expresados ante el Tribunal de Apelaciones en cuanto a que la OAM no incluyó en su subpoena la pertinencia de la documentación solicitada, los hechos concretos que motivaron su investigación a la PRC ni los objetivos de la investigación. Los recurridos plantearon que, a pesar de que la OAM indicó que existían unas querellas contra la PRC, éstas nunca se presentaron ante el Tribunal de Primera Instancia, de manera que éste pudiera conocer el contenido y la naturaleza de estas querellas para determinar si la investigación se llevaba a cabo conforme a derecho. Los recurrentes imputaron como error el que no se haya solicitado a la OAM que demostrara la legitimidad de su investigación. En cuanto a los subpoenas impugna *917 dos, alegaron que éstos no expresaban violación alguna en la que hubiese incurrido la PRC; tampoco contenían la fecha de la ocurrencia de la alegada violación ni la fecha en que la OAM se enteró de la supuesta violación. Por estas razones los recurrentes argüyeron que los foros inferiores erraron al no exigirle a los recurridos que subsanaran dichas faltas en los subpoenas y al fundamentar su negativa en que por no tratarse de un registro o allanamiento, sino de un requerimiento de información, la protección constitucional es inferior.
Por su parte, los recurridos argumentaron que de acuerdo con la jurisprudencia que versa sobre los subpoenas duces tecum et ad testificandum, no se requiere la existencia previa de una querella o violación de ley; es suficiente que la investigación se realice para un propósito autorizado por ley. Adujeron que tampoco se requiere mostrar causa probable como en el caso de los registros y allanamientos, ya que, según argumentaron, el requisito de razonabilidad requerido en los casos de registros y allanamientos se cumple detallando en forma adecuada, pero no excesiva, los documentos que se requieren. En fin, los recurridos alegaron que de acuerdo con los amplios poderes investigativos de las agencias, y según los límites constitucionales que la jurisprudencia ha impuesto a dichas facultades, los subpoenas emitidos cumplían con los requisitos de razonabilidad, pertinencia y necesidad establecidos en la jurisprudencia.
El 30 de marzo del 2001, este Tribunal emitió una Resolución que denegó el recurso de certiorari de los recurrentes. En reconsideración, decidimos expedir el auto solicitado. Tras un detenido examen del expediente y del derecho aplicable, revocamos la sentencia recurrida y anulamos los “subpoenas” expedidos por la Oficina de Asuntos Monopolísticos. Se ordena devolver el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.
*918 Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada Señora Fiol Matta concurrió con el resultado con una opinión escrita. El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita. La Juez Asociada Señora Rodríguez Rodríguez no interviene.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

 La Oficina de Asuntos Monopolísticos del Departamento de Justicia (OAM) solicitó los documentos siguientes:
“1. Contratos existentes en el período comprendido de enero de 1994 al presente entre Saint James Security y la Puerto Rican Cement, Ponce Cement o directores, oficiales o representantes autorizados de éstas.
“2. Fecha de duración de los contratos y cláusulas establecidas en éstos.
“3. Nombre, dirección y teléfono de las personas que fueron asignadas al cumplimiento de dichos contratos.
“4. Fotos, memos, grabaciones, documentos e informes rendidos por sus empleados en el cumplimiento de esos contratos con la Puerto Rican Cement.
*913 “5. Indique si Saint James Security tiene o ha tenido, subsidiarias, compañías afiliadas, entidades comerciales o acciones de capital en otras compañías, personas naturales o jurídicas y/o entidades comerciales que operen bajo otro nombre y que provean o hayan brindado servicios de vigilancia, seguridad, detectivescos o policiacos a la Puerto Rican Cement en el período comprendido de enero de 1994 al presente. Además indique cualquier contrato o acuerdo para proveer servicios, similares a los descritos en el presente inciso, con persona jurídica o natural que no sea propiedad, en todo o en parte o afiliada a la Saint James Security.
“6. Cualquier documento, incluyendo los mencionados en los incisos 1, 2, 3, 4 y 5 de este subpoena; archivo, comunicación y/o material relacionado a servicios de vigilancia, seguridad, detectivescos o policíacos, brindados a la Puerto Rican Cement, por cualquier persona natural o jurídica, propiedad o afiliada de la Saint James Security, en el período comprendido de enero de 1994 al presente.” Apéndice de la Petición de certiorari, págs. 48-49.

 Tomado de la Demanda y Petición de la OAM ante el Tribunal de Primera Instancia. Apéndice de la Petición de certiorari, pág. 30. Estas razones no han sido reproducidas en las subsiguientes comparecencias de la OAM, incluso en su comparecencia ante esta Curia.

 “Prohibición de divulgar información
“Ninguna persona que sea o haya sido detective privado, o empleado de un detective privado, o miembro o empleado de una agencia, divulgará privada o públicamente la información que viniere a su conocimiento en el curso de su trabajo sin el consentimiento expreso por escrito de la persona que contrató los servicios de dicha persona o agencia, exceptuando toda información relacionada con la comisión de delitos públicos y los casos en que fuere requerido para ello por ley. ...” 25 L.P.R.A. see. 285q.